NO. 07-12-0310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2012
_____

LEROY SCOTT ROACH,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 26th DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 11-012-K26; HON. BILLY RAY STUBBLEFIELD, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Leroy Scott Roach, appellant, appeals his conviction for assault.  Appellant timely perfected his appeal. The clerk's record was filed on July 12, 2012, and the reporter's record on July 20, 2012.  Appellant's brief was due on August 20, 2012.  On August 27, 2012, appellant's counsel was notified by letter that the brief was overdue and that unless appellant's brief was filed on or before September 6, 2012, the appeal would be abated.  On August 30, 2012, this court received a motion for extension of time to file

the brief, which was granted to September 10, 2012. On September 13, 2012, a second extension of time was requested to file the brief, which was granted to October 1, 2012, with the admonition that no further extensions would be granted. To date, neither a brief nor an extension motion has been received by the court.

Accordingly, we abate this appeal and remand the cause to the 26th District Court of Williamson County (trial court) for further proceedings. Upon remand, the trial court shall determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether appellant has been denied the effective assistance of counsel due to counsel's failure to file a timely appellate brief; and,

4. why a timely appellate brief has not been filed on behalf of appellant.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by November 12, 2012. If it is determined that appellant is indigent and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address and phone number of any new counsel appointed shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before November 12, 2012.

It is so ordered.

Per Curiam

Do not publish.

2